CT Corporation

**Service of Process Transmittal**
11/14/2016
CT Log Number 530197808

TO:    Kathleen Kuan
       Pacific Specialty Insurance Company
       2200 Geng Rd Ste 200
       Palo Alto, CA 94303-3358

RE:    **Process Served in Texas**

FOR:   Pacific Specialty Insurance Company  (Domestic State: N/A)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MISAEL ALO ACOSTA BUSTILLO, PLtf. vs. Pacific Specialty Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition, Interrogatories |
| **COURT/AGENCY:** | County Court at Law No. 2 Ector County, TX<br>Case # CC2160646CV |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/14/2016 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days |
| **ATTORNEY(S) / SENDER(S):** | PRESTON J. DUGAS III<br>PRESTON DUGAS LAW FIRM, PLLC<br>309 W. 7th St., Ste 1100<br>Fort Worth, TX 76102<br>817-945-3061 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0108776113<br><br>Image SOP<br><br>Email Notification,  Carleen Driscoll  cdriscoll@pacificspecialty.com<br><br>Email Notification,  Patti Fama  pfama@pacificspecialty.com<br><br>Email Notification,  Kathleen Kuan  kkuan@pacificspecialty.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / SB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**DEFENDANT'S EXHIBIT**

**B**





7014 0150 0001 8444 8892



U.S. POSTAGE >> PITNEY BOWES

ZIP 79761   $ 007.57⁰
02 1W
0001403109 NOV 08 2016

*(CC2-16-0646-CV)*

Pacific Specialty Insurance Company

REG: AGENT CT.  SERVICE CORPORARTION SYSTEM

1999 BRYAN ST., SUITE 900

DALLAS, TX 75201

# THE STATE OF TEXAS

## CITATION BY CERTIFIED MAIL

MISAEL BUSTILLO VS. PACIFIC SPECIALTY
INSURANCE COMPANY

CAUSE NO. CC2-16-0646-CV
IN THE COUNTY COURT AT LAW #2
OF
ECTOR COUNTY, TEXAS

TO: PACIFIC SPECIALTY INSURANCE COMPANY, BY SERVING
REG: AGENT, CT CORPORATION SYSTEM, DEFENDANT -
GREETINGS

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10:00 o'clock a.m. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable M. Scott Layh of Ector County, Texas at the Courthouse in said County in Odessa, Texas.

**Said PLAINTIFF'S ORIGINAL PETITION was filed in said court on November 03, 2016 in the above entitled cause.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Odessa Texas on this the 7th day of November, 2016.

Attorney for Plaintiff:
Preston James Dugas, III
309 W 7th ST STE 1100
Fort Worth TX 76102



CLARISSA WEBSTER, CLERK
County Court at Law #2
ECTOR COUNTY, TEXAS

BY: _DiAnn Espinoza_
DiAnn Espinoza, Deputy

**NOTICE:** This constitutes service by certified mail, as allowed by RULE 106(a)(2) of the TEXAS RULE OF CIVIL PROCEDURE.

ATTACH RETURN RECEIPTS WITH

## *ADDRESSEE'S SIGNATURE*

RULE 106(A)(2) THE CITATION SHALL
BE SERVED BY MAILING TO THE
DEFENDANT BY ____ CERTIFIED MAIL
____RETURN RECEIPT REQUESTED, A
TRUE COPY OF THE CITATION.
SEC.17.027 RULE OF CIVIL PRACTICE
AND REMEDIES CODE IF NOT PREPARED
BY CLERK OF COURT.

## *CERTIFICATE OF DELIVERY BY MAIL*

I hereby certify that on the _____ day
of

_____ , 20____

At _____ o'clock ____m., was delivered
to

_____ .

Defendant by registered mail or certified
mail, with delivery restricted to addressee
only, return receipt requested, a true copy of
this citation with a copy of the petition
attached thereto.

Sent to:
**Pacific Specialty Insurance Company**
**Reg: Agent CT Service Corporation System**
**1999 Bryan St., Suite 900**
**Dallas, TX 75201**

_____

_____ , Deputy Clerk

300 North Grant Ave., Rm. 301
Odessa, TX 79761

FILED FOR RECORD
Cause No.: CC2-16-0646-CV
Ector County - County Court at Law 2
Ector County, Texas
11/3/2016 2:03:57 PM
Clarissa Webster
District Clerk
By: Natalie Guthrie, Deputy

CAUSE NO. _____

| | | |
|---|---|---|
| MISAEL ALO ACOSTA BUSTILLO | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| PACIFIC SPECIALTY | § | |
| INSURANCE COMPANY | § | |
| Defendant. | § | EL PASO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**MISAEL ALO ACOSTA BUSTILLO**, Plaintiff herein, files this his Original Petition against Defendant, **PACIFIC SPECIALTY INSURANCE COMPANY**, and, in support of his causes of action, would respectfully show the Court the following:

### I.     PARTIES

1.     Plaintiffs resides and/or owns the property made the basis of this suit in El Paso County, Texas.  Said property is located at: <u>618 Dindinger Rd., Socorro, TX 79927.</u>

2.     **PACIFIC SPECIALTY INSURANCE COMPANY** ("Insurance Co.") is a foreign entity authorized to engage in the insurance business in the State of Texas, and may be served by serving its Registered Agent for Service of Process, **CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136**.  Service is requested by certified mail, return receipt requested at this time.

### II.     DISCOVERY

3.     Plaintiff intends to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

### III.    CLAIM FOR RELIEF

4.      As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief of less than $74,999, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seek pre-judgment and post-judgment interest at the highest legal rate.

### IV.    JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.      Venue is proper in El Paso County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

### V.    FACTUAL BACKGROUND

7.      Plaintiff is a named insured under a property insurance policy issued by Defendant.

8.      On or about October 6, 2015, a storm hit El Paso County, Texas damaging Plaintiff's house and other property. Plaintiff subsequently filed a claim on his insurance policy.

9.      Defendant improperly denied and/or underpaid the claims.

10.     The named Defendant and its adjusters assigned to the claims, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were noted during the inspection, and undervalued the damages observed during the inspection.

2

11.     The named Defendant and its adjusters' unreasonable investigation led to the underpayment and/or no payment of Plaintiff's claim.

12.     Moreover, Defendant and its adjusters performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.     CAUSES OF ACTION

13.     Each of the foregoing paragraphs is incorporated by reference in the following:

### A.     Breach of Contract (PACIFIC SPECIALTY INSURANCE COMPANY)

14.     Insurance Co. had a contract of insurance with Plaintiff.  Insurance Co. breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

### B.     Prompt Payment of Claims Statute (PACIFIC SPECIALTY INSURANCE COMPANY)

15.     The failure of Insurance Co. to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

16.     Plaintiff, therefore, in addition to Plaintiff's claim for damages is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

### C.     Bad Faith/DTPA (PACIFIC SPECIALTY INSURANCE COMPANY)

17.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.     Defendant violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

19.     Defendant violated § 541.060 by:

3

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.     Defendant violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

21.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

22.     Defendant has violated the Texas Deceptive Trade Practices Act in the following respects:

4

(1)     Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

23.     Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.     Attorneys' Fees**

24.     Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26.     Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred

5

in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 of the Texas Insurance Code.

## VII.   CONDITIONS PRECEDENT

27.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.   DEMAND FOR JURY

28.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX.     DISCOVERY REQUESTS

29.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

30.     You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## X.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, they recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

6

**PRESTON DUGAS LAW FIRM, PLLC**
309 W. 7th St., Ste 1100
Fort Worth, Texas 76102
Telephone:     (817) 945.3061
Facsimile:     (817) 335-1603
Email: preston@prestondugaslawfirm.com

By: _____
PRESTON J. DUGAS III
State Bar No. 24050189

**ATTORNEY FOR PLAINTIFF**

7

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff(s) in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiffs by and through their attorneys of record, Preston J. Dugas III, Preston Dugas Law Firm, PLLC, 309 W. 7th St., Ste 1100, Fort Worth, Texas 76102; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service to Preston Dugas Law Firm, PLLC. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.     You know the response made was incorrect or incomplete when made; or

b.     You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A.     These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.     If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.     If you claim that any document which is required to be identified or produced by you in any response is privileged:

   1. Identify the document's title and general subject matter;

8

2. State its date;
3. Identify all persons who participated in its preparation;
4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

D.     "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.     "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.     In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
1. His or her name;
2. His or her last known business and residence address and telephone number; and
3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.     If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.     "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I.     "Property" means the property at issue in the lawsuit.

J.     "Lawsuit" means this lawsuit.

9

Respectfully submitted,

**PRESTON DUGAS LAW FIRM, PLLC**
309 W. 7th St., Ste 1100
Fort Worth, Texas 76102
Telephone:     (817) 945.3061
Facsimile:     (817) 335-1603
Email: preston@prestondugaslawfirm.com


By: _____
       PRESTON J. DUGAS III
       State Bar No. 24050189

       **ATTORNEY FOR PLAINTIFFS**

10

## <u>INTERROGATORIES TO DEFENDANT</u>

1.  Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

    <u>ANSWER:</u>

2.  Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

    <u>ANSWER:</u>

3.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

    <u>ANSWER:</u>

4.  Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages? If so, describe how Plaintiffs failed to do so, identifying any resulting prejudice caused to Defendant.

    <u>ANSWER:</u>

5.  Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

    <u>ANSWER:</u>

6.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

    <u>ANSWER:</u>

7.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

    <u>ANSWER:</u>

8. Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

   ANSWER:

9. Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

   ANSWER:

10. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

    ANSWER:

11. State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

    ANSWER:

12. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical

    area. ANSWER:

13. To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

    ANSWER:

14. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling

    process. ANSWER:

15. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

    ANSWER:

## REQUESTS FOR PRODUCTION TO DEFENDANT

1.    The following insurance documents issued for the Property as identified in the Petition:

    a.  the policy at issue for the October 6, 2015 hail/wind storm as identified in the Petition; and

    b.  the policy declarations page for the 3 years preceding the storm and any endorsements.

RESPONSE:

2.    Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:

3.    All documents relating to the condition or damages of the Property or any insurance claim on the Property.

RESPONSE:

4.    All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

5.    All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:

6.    All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of these types of claims, i.e., hail property damage.

RESPONSE:

7.    All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

8.    Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

9.    A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

10.   If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

11.   All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

12.   All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

13.  All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims occurring in the county of suit on or about the October 6, 2015 claimed by Plaintiff(s).

RESPONSE:

14.  All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

RESPONSE:

15.  The claim file related to the claim made the basis of this lawsuit, including all communications between Plaintiff and Defendant, and any of Defendant's agents.

RESPONSE:

## FIRST SET OF REQUESTS FOR ADMISSIONS
## TO DEFENDANT

**REQUEST FOR ADMISSION NO. 1.**   Admit you committed statutory bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.**   Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.**   Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.**   Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.**   Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

Respectfully submitted,

**PRESTON DUGAS LAW FIRM, PLLC**
309 W. 7th St., Ste 1100
Fort Worth, Texas 76102
Telephone:    (817) 945.3061
Facsimile:    (817) 335-1603
Email: preston@prestondugaslawfirm.com

By: _____

PRESTON J. DUGAS III
State Bar No. 24050189

**ATTORNEY FOR PLAINTIFFS**

17